166 So.2d 399

**George E. BLAUVELT**

v.

**STATE of Alabama.**

2 Div. 457.

Supreme Court of Alabama.

June 25, 1964.

George E. Blauvelt, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant petitioned the circuit court of Sumter County for a writ of error coram nobis to set aside a judgment of that court rendered on April 10, 1959, adjudging him guilty of murder in the second degree and sentencing him to imprisonment for 40 years. After an oral hearing on the petition, the circuit court rendered a judgment denying the petition. This appeal is from that judgment. See: Ex parte Wilson, 275 Ala. 439, 440(2), 155 So.2d 611; Ex parte Keene, 275 Ala. 197, 153 So.2d 631.

The coram nobis petition, as originally filed, was based on three grounds, viz.:

"1. For that the trial court erred, to the prejudicial injury of petitioner, by failing to protect his rights when not affording him an impartial jury.

(Note) The jury had heard the case prior to petitioner's trial.

"2. For that petitioner alleges that he is not guilty of the offense for which he stands convicted.

"3. For that petitioner alleges that he was placed under a state of duress."

In support of these grounds, the petition contains the following "Statement of the Facts," viz:

"This case, being of the nature of a capital offense, came to trial April 10, 1959 before the Honorable Emmett F. Hildreth upon the return of a first degree murder indictment.

"George Blauvelt (petitioner in this cause) and James H. Parkerson (an accomplice) were indicted separately for the said offense and brought to trial separately with James Parkerson being tried first.

"After the prosecution had rest [sic] the jury deliberated and returned with a verdict of second degree murder, and Parkerson was sentenced by the court to forty (40) years in an Alabama Prison.

"That case having been heard separately and fully by a jury, lasting approximately three days, and disclosing testimony pertaining to both defendants, the State proceeded to prosecute said petitioner in this case.

"This petitioner was brought to trial for first degree murder. An offer or compromise of fifty (50) years was presented to him by his state appointed counsel, which he did not accept. Shortly thereafter, a new offer of forty (40) years was presented—that being the same as the already sentenced Parkerson. It was pointed out by counsel for Blauvelt the possible consequences should he stand trial and that an arrangement could be made if he would compromise. Upon the advice of his counsel he consented. Such compromise was arranged with the jury who had formerly heard the case when Parkerson went to trial.

"Petitioner contends that he was immediately placed under a state of duress after noting his court appointed attorney's lack of interest in the case and his over willingness to enter a guilty plea. On one hand he was being offered tolerance and on the other, severe consequences.

"Petitioner further contends that he, his case being the nature of a capital offense, could not properly enter a plea of guilty to a jury who had formerly heard the case while he was not present to defend himself; and that the mere formality of a trial by jury did not meet the requirements of justice. It is his contention that such compromising under such circumstances took away the discretion of the jury, and that in his case such circumstances existed which might have brought about a lesser verdict had it not been for his being persuaded to compromise."

On the hearing in the trial court, petitioner expressly withdrew the third ground of the petition. No evidence whatever was offered in support of the second ground.

The only question left for consideration relates to the first ground of the petition, that is, whether appellant was denied his right to be tried by an impartial jury. Amendment VI, Constitution of the United States; § 6, Alabama Constitution 1901.

The trial court appointed competent counsel to represent appellant on the hearing. The circumstances of the appointment are set forth in the court's statement set out hereinafter.

From a consideration of the record, it is clear that appellant voluntarily entered a plea of guilty and that he and his counsel agreed to the procedure followed in his trial.

In short, the circumstances were these: Appellant and James H. Parkerson were

separately indicted for the offense of murder in the first degree involving the death of William G. Shirley. Parkerson was tried first. The jury found him guilty of murder in the second degree and fixed his punishment at imprisonment for 40 years. The verdict was returned late in the day, after the other jurors had been dismissed for the day. After announcement of Parkerson's verdict, appellant's counsel, with appellant's consent, opened negotiations with the solicitor whereby appellant would plead guilty on condition that he receive the same sentence as Parkerson. At first, the solicitor insisted on a sentence of 50 years for the reason that he considered the case against appellant to be more serious than the one against Parkerson. After further discussion, appellant's offer was agreed to. At this time, the only jurors immediately available were those who had tried Parkerson. As appears from the trial judge's statement in connection with the denial of the petition, appellant "agreed with counsel in open court and so stated to the court that he desired to plead guilty to murder in the second degree, which was an offense embraced in the indictment in his case," and "he agreed, he and his counsel, in open court that the matter be submitted to the same jury that heard the Parkerson case."

The trial judge, in ruling on the coram nobis petition, made the following comprehensive statement:

"Petitioner's request that an attorney be appointed several days prior to the hearing in this matter in order that he might confer with said attorney and further prepare his defense was granted by the Court. Approximately one week prior to the hearing of this petition, petitioner was brought from Kilby prison and placed in jail at Eutaw, Alabama, the residence of his former attorney, Hon. David M. Hall. Petitioner was carefully questioned by the Court at that time before the appointment of an attorney to represent him in this case, and petitioner requested that said Mr. Hall and Hon. Richard Manley, attorneys, be appointed by the Court to represent him in the place of different counsel which the Court then and there offered to have appointed for him. Mr. Hall stated in open Court, that he thought the Court should appoint new counsel in petitioner's case in view of some detrimental allegations petitioner had alleged against him in his petition in this matter. Petitioner then, in open Court, requested that said allegations be stricken from the petition, which is paragraph number three of said petition, as he wanted Mr. Hall to represent him. Said paragraph three was stricken from said petition on the express request of the petitioner then and there in open Court.

"Petitioner had requested certain records and exhibits, which the Clerk of the Circuit Court of Sumter County, Alabama, furnished him personally in open Court.

"The Court, on the 19th day of September, 1963, proceeded to hear the petition, the petitioner being present in open Court in his own proper person and represented by his said attorneys, Mr. David M. Hall of Eutaw and Mr. Richard Manley of Demopolis, and the State being represented by the Solicitor, Thomas H. Boggs, and the County Solicitor of Sumter County, M. E. McConnell, Jr. The testimony was taken orally before the Court.

"The witnesses testified the petitioner was adequately represented by counsel on his hearing wherein he, at his, his mother's and his counsel's · request, asked that he be allowed to plead guilty to murder in the second degree and be given a sentence of forty years in the penitentiary. The jury heard the evidence in a companion case against the co-defendant, Parkerson, for a period of about three days and had fixed said Parkerson's punishment at forty years in the penitentiary for murder in the second degree. The State of Alabama would not at first

accept that settlement for petitioner for the reason it felt it had a better case against petitioner than it had against said Parkerson, but the State finally agreed to said settlement; the defendant, petitioner, and his attorneys did then, in open Court, agree that the same jury which tried Parkerson should be used to. ratify and confirm the conviction of petitioner and to fix his punishment at imprisonment in the penitentiary for the period of forty years for the offense of murder in the second degree, which was done.

"It is Mr. Blauvelt's contention that it was improper or error on the part of the Court to submit his case, even by agreement, to the same jury which heard the Parkerson case and rendered a verdict in that case. There is no evidence of any pressure or inducement or anything of that kind at all by any one to get Mr. Blauvelt to plead guilty. The Court is of the opinion and judgment that Mr. Blauvelt plead guilty with full knowledge of all the facts and circumstances and that he did so voluntarily and willingly; that there was no pressure or inducement or anything else offered directly or indirectly to get him to do so.

"He was very ably represented by experienced counsel. Not only does the testimony show this, but the Court has judicial knowledge of the facts that Mr. Hall is a very capable and outstanding attorney who has been engaged in the practice in this Court and courts in adjoining counties for many years and who enjoys a very excellent reputation and standing as an attorney. Likewise, Mr. Manley, who also represented Mr. Blauvelt, is a very capable attorney of years of experience. It is the Court's opinion and judgment that Mr. Blauvelt was very ably represented . by his counsel. The Court thought at that time and the Court is still of the opinion that they did a very excellent job for him. He was charged with murder in the first degree, a capital offense and under the facts and circumstances in the case, the jury might well have rendered a verdict finding him guilty of murder in the first degree and given him the death penalty or life imprisonment. The Court sees nothing in the record or evidence submitted to the Court which would justify the Court in granting the petition at all. In fact, the Court is of the opinion and judgment that Mr. Blauvelt was most fortunate in all of the circumstances attending his trial and rendition of the verdict by the jury. He agreed with counsel in open Court and so stated to the Court that he desired to plead guilty to murder in the second degree, which was an offense embraced in the indictment in his case. He agreed, he and his counsel, in open Court that the matter be submitted to the same jury that heard the Parkerson case. All other jurors had been excluded by the Court from the court room so they would not hear the evidence in the Parkerson case so that, if there was a trial on the petitioner's case, the jurors selected for the case would not be jurors who heard the evidence in the Parkerson case. But in as much as he desired to plead guilty to murder in the second degree and receive a sentence of forty years in the penitentiary as punishment therefor, and inasmuch as the jury did ratify and confirm that agreement which he had made himself and by his counsel with the Solicitor, the Court does not see that he has any basis or grounds for objections at all. In other words, it appears to the Court that what happened was exactly what petitioner wanted to happen, and he was permitted to escape prosecution on an indictment which charged him with murder in the first degree and to receive a lesser sentence on a plea of guilty to a lesser offense, and to that extent, he was certainly favored highly in his case."

In addition to the foregoing, the evidence discloses that appellant, immediately after disposition of his case, was pleased with the action taken. Appellant and his counsel knew his case was to be submitted to the Parkerson jury and agreed that this be done. Under the circumstances here present, there was an effective waiver by appellant of the claimed right to challenge the jury which tried him.

The judgment denying the coram nobis petition is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.