# Morningstar *v.* The State.

### *Larceny of Timber.*

1. *A question relative to possession of land may be asked.*—On the trial of a person indicted for larceny of timber, the question, "who was in possession of the land on which the stick of timber grew," was proper, because it was an inquiry concerning a fact, and not a legal conclusion.

2. *A license may be granted by parol.*—For the purpose of showing, in such a case, that the accused did not take and carry away the timber, *animo furandi*, it is not necessary that the defendant should show a deed of conveyance. A purchase by parol from a person who owned the land, or was believed by him to be the owner of it, would be sufficient. Such a sale, while acknowledged by the party making it, might operate at least as a license to take the tree if it belonged to the vendor.

3. *A witness may be recalled.*—It is within the discretion of the court to have a witness recalled and further cross-examined, after he has been discharged from the witness stand.

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. JOHN K. HENRY.

The defendant was indicted at the spring term, 1876, of the Circuit Court of Escambia county, for feloniously taking and carrying away "one stick of square-hewn pine timber, the personal property of Mrs. Nancy George."

On the trial, a witness introduced by the State was asked, "Who was in possession of the land on which the stick of timber grew?" The defendant objected to the question; the court overruled the objection, and the defendant excepted. The witness then testified that he was the agent of Mrs. George, who owned the land on which the timber grew, and that the defendant approached him, and "tried to purchase the trees, but that he declined to sell them to him at any price." Afterwards, the defendant had the tree cut down and carried away. He saw the "defendant when he was having the timber hauled off, who told him (the witness) to say nothing about it, and he would make it all right." The witness, on cross-examination, said that he had had in his possession a deed executed by himself to Mrs. George, conveying "the land in question," but that at a former trial of this case he gave it to a lawyer employed in the prosecution, and since that time had not seen it. The clerk of the court testified that he had searched his office thoroughly, but had not found it. Other lawyers engaged in the prosecution tes-

[Morningstar v. The State.]

tified they had made diligent search for the deed, but without success. Upon this proof of loss of the instrument, the State offered to prove its contents. To this action the defendant objected; the court overruled the objection, and the defendant excepted.

The bill of exceptions states: " One of the defences relied upon by the defendant was that Morningstar purchased said stick of timber from one Mrs. Jordan and her two sons; and, among other witnesses, put one Joe Spellman on the stand, who testified that he was present when the defendant and Mrs. Jordan made a trade about some timber, and that one of Mrs. Jordan's sons went with the defendant, and in his presence pointed out the identical tree in controversy, as one of the trees that he had purchased. A man by the name of Aiken was present at the time." The State cross-examined Spellman and let him go.

The defendant proceeded with his testimony, and, among other things, offered the following affidavit, which had been admitted by the State, subject to legal objection:

["Exhibit A."]

" The defendant expects, if John Aiken was present, he would swear that he knew the tree from which the stick of timber in question was manufactured; that he was present when Mrs. Jordan, and her two sons, Elijah and Guege, sold the defendant, Morningstar, some land, and that they pointed out said tree, in his presence, as being on the land sold.

" H. MORNINGSTAR."

This was sworn to and subscribed by the defendant on 28th day of March, 1878.

The State objected to that part of this affidavit beginning with the words, "that he was present when Mrs. Jordan," &c., and ending " on the land sold," on the ground that the sale of land could not be proven by parol testimony. The defendant then examined one Kelley, who testified he was present and saw the defendant pay Mrs. Jordan one hundred dollars in money for some land which lay in the neighborhood of the land upon which the tree in controversy grew." The court sustained the objection, and the defendant excepted.

After the defendant had closed his evidence, the State recalled Joe Spellman, who had been examined and cross-examined, and asked him this question: " Did you ever hear the defendant, Morningstar, say anything about that big tree that you cut for him, and if so, what?" The defendant

[Morningstar v. The State.]

objected to this, because it was not in rebuttal. The court overruled the objection, and the defendant excepted.

As there was no objection to the testimony of the witness, and no charge was based upon it, it is unnecessary to set it out.

J. M. WHITEHEAD, for the appellant.—1. Possession is a technical legal phrase, and is essentially a legal conclusion (*Bonvier Dic.*), and cannot be testified to by a witness. The facts should be stated, and the jury should ascertain the possession, under the instructions of the court.

2. The record of the deed should not have been admitted, because the original was shown to have last been in the possession of one of the lawyers in the case who was not sworn. It was not necessarily in his office. There was no presumption that it was.

3. The exclusion of the showing of the witness, Aiken, was wrong. Anything that would tend to show a want of the *animo furandi* would be competent. A verbal permission of any kind would be good for this purpose. If he made a contract of purchase, and the tree was pointed out to him as a part of the purchase, and he took, *bona fide*, under claim of right, this would be a complete defence. The testimony excluded was a step in that direction, and should have been admitted.

JOHN W. A. SANFORD, Attorney-General, *contra.*—1. The witness, Jernigan, was the agent of Mrs. Groves, and as such had possession of the land. This is a fact which may be proven by parol testimony.—17 Ala. 602-7; Ib. 428-9; 1 Ala. 348.

2. The court did not err in its exclusion of the conversation with defendant before McMillan's store. It was no part of the conversation which occurred when the defendant hauled the log away; nor was it a part of the conversation elicited by the State. The supposed interview took place at a different time, and the accused could not properly introduce his own declarations to change a detected larceny into the appearance of a purchase.—Roscoe Cr. Ev. 89, Hanson's case in the note; 1 Brick. Dig, 834; Par. 424.

3. The court properly admitted the record of the lost deed in evidence. The court must judge when the predicate for the introduction of secondary evidence has been established. It belongs to the same class of duties or powers which obliges the court to decide whether or not the confessions of a prisoner are competent evidence. Unless the court *grossly* errs,.

[Morningstar v. The State.]

its action relative to such matters will not be reversed (53 Ala. 29-33; 55 Ala. 47), and secondary evidence of lost instruments can always be given.—5 Ala. 439; 6 Ala. 589; 29 Ala. 457.

4. The evidence relative to the sale of the land to the prisoner was properly rejected. If the sale was made, he had the deed of conveyance, and title to real estate cannot be proven by parol testimony.—27 Ala. 281.

5. The examination of witnesses is under the control of the court, and must necessarily be left to its discretion. The court did not err in permitting the re-examination of Spellman.—52 Ala. 182; 50 Ala. 164.

MANNING, J.—The question, "who was in possession of the land on which the stick of timber grew," &c., was in this case, an inquiry concerning a fact, and not a legal conclusion : and the objection to it was properly overruled.

The interrogatory on behalf of defendant to witness, Jernigan, which was ruled out about a conversation between defendant and him, at McMillan's store, was illegal and irrelevant; and no explanation having been made of any intention to introduce other evidence by which that conversation might be made admissible, the court did not err in excluding it.

The evidence of the loss of the original deed of Jernigan to Mrs. George, was sufficient to justify the admission of a duly certified copy of it from the books in the Probate Court office, where, after due proof or acknowledgment of its execution, it had been recorded according to law.—*Mordecai v. Beal*, 8 Por. 535.

It having been shown by the State that defendant had applied to Jernigan, the agent of Mrs. George, for the purchase from him of the timber-tree in question—which had been refused—and that he afterwards cut it and hauled it away, he was allowed to prove by one Spelman, that " defendant and Mrs. Jordan made a *trade about some timber* and that one of Mrs. Jordan's sons went with the defendant and in his presence pointed out the identical tree in controversy, as one of the trees that he had purchased," and that a man by the name of Aiken was present at this time. This was proper. A parol license to take the trees might be proved. Afterwards defendant proposed to prove by Aiken " that he was present when Mrs. Jordan and her two sons sold the defendant, Morningstar, some land, and that they pointed out said tree in his presence as on the land sold;"

[Martin v. The State.]

which was objected to, and excluded on the ground that the sale of land could not be proved by parol testimony.

For the purpose of explaining that he did not cut the tree and take away the valuable spar, or stick of timber obtained from it, *animo furandi*, the defendant was entitled to prove such facts as tended to establish this defence; and it was not necessary to this end that he should show a deed of the land, or a paper title, if he did not have any, to prove sale of the land to him. A purchase by parol from a person who owned it, or was believed by him to be the owner of it—if the seller acknowledged himself or herself bound thereby, would, in a case of this sort, be sufficient. Such a sale while acknowledged by the party making it, might operate at least as a license to take the tree, if it belonged to such party. What credit was due to the story thus proved, it would have been for the jury to determine. And if defendant had a conveyance of the land, and it was necessary to show what particular land he acquired thereby, the conveyance as the best evidence thereof, would have had to be produced and proved by him.—*Morton v. The State*, 30 Ala. 528; *Mordecai v. Beal*, 8 Por. 535; *Blakey v. Blakey*, 9 Ala. 391. The circuit judge erred in excluding the evidence in question.

It is within the discretion the law allows to a circuit judge, to have a witness for defendant called back and further cross-examined on behalf of the State, after he has been discharged from the witness stand.

Let the judgment of the Circuit Court be reversed, and the cause be remanded.

Defendant will remain in custody till discharged by due course of law.