# Brooks *v.* The State.

*Practicing Medicine Without License.*

(Decided May 8th, 1906. 41 So. Rep. 156.)

1. *Physicians and Surgeons; License to Practice; Certificates; Statutes; Effect.*—Under § 3262, Code 1896, the Medical Association of Alabama has full power and authority to prescribe the rules and regulations governing the issuance of certificates to practice medicine.

2. *Same; Rules; Countersigning Certificates.*—Unless a certificate, issued subsequently to the passage by the State Medical Association of a rule requiring all certificates issued by County Boards to be countersigned by the senior censor of the State Association, is so signed when issued by a County Board, it is insufficient to authorize the holder thereof to practice medicine, and is no defense to a prosecution under § 5333 of Code of 1896.

3. *Same; Offense; Prosecution; Evidence.*—Defendant's diploma and evidence of the length of time he has practiced medicine is inadmissible as evidence in a prosecution for practicing

[Brooks v. The State.]

medicine without a certificate signed by the senior censor of the State Medical Association.

4. *Criminal Law; Appeal; Harmless Error.*—Where the evidence was without dispute that the defendant had practiced medicine for pay, it was harmless error to permit inquiry into whether he held himself out as a practicing physician to the world.

5. *Physicians and Surgeons; Right to Practice; Evidence.*—It was not admissible to show that other physicians had no certificate countersigned by the senior censor and had not taken the examination.

6. *Criminal Law; Witness; Rule.*—It is a matter within the discretion of the trial court as to whether it will excuse a witness from the operation of the rule, and not reviewable unless the discretion is shown to have been abused.

7. *Same; General Objections; Sufficiency.*—A general objection to documentary evidence, not specifying grounds of objection, is insufficient to present the ruling on such evidence for review.

APPEAL from Marion Circuit Court.
Heard before Hon. E. B. ALMON.

The defendant was indicted for practicing medicine without a license or without procuring a certificate signed by the senior censor of the State Medical Association. The facts sufficiently appear in the opinion of the court.

C. P. ALMON, J. D. McCLUSKEY and C. E. MITCHELL, for appellant.—The evidence of the witness Greene was incompetent. The objection to the question and answer should have been sustained.—*Hanes v. Brownlee,* 63 Ala. 277; *M. & W. P. Ry. Co. v. Varner,* 19 Ala. 186. The witness Coggins should have been permitted to answer as to the custom of the Marion county board to allow those who had been practicing medicine prior to the act of Feb. 1891, to continue to practice and to furnish them a certificate. The transactions of the medical association could not change § 5333 of the code, and the certificate of qualification should have been allowed to go to the jury on behalf of defendant. The offense is malum prohibitum, and the statute must be strictly construed.— *Walton's Case,* 62 Ala. 199; *State v. Powers,* 36 Conn. 77, 23 A. & E. Ency. of Law (1 Ed.) pp. 374-377 and ₁otes . The board of examiners who issued certificate

[Brooks v. The State.]

of qualification to appellant, were authorized by law to do so. They were authorized to do so by the rule of the medical association. If they were only de facto acting under the statute, the certificate of qualification would protect defendant as well.—*Bragg's Case,* 134 Ala. 182. The charges requested by the defendant should have been given, and the general charge for the prosecution should have been refused.—*Nelson v. The State,* 97 Ala. 80.

MASSEY WILSON, Attorney General, and DAVIS & FITE, for the State.—No error was committed in excusing Dr. Sanders from the rule.—*Riley v. The State,* 88 Ala. 193. If there was error in admitting Greene's testimony, it was cured by the testimony of Coleman and Cantrell.— § 4333, code 1896. The objection to the introduction of certain sections of the book of rules of the medical association of Alabama was a mere general objection, and not available to defendant.

ANDERSON, J.—The defendant was convicted in the lower court for the violation of § 5333 of the code of 1896, which reads as follows: "Any person, who practices medicine or surgery without having first obtained a certificate of qualification from one of the authorized boards of medical examiners of this state, must, on conviction, be fined not less than twenty-five, nor more than one hundred dollars." § 3262 of the code of 1896 says: "The standard of qualification, the method or system, and the subjects of examination of practictitioners of medicine, shall be prescribed by the medical association of the state of Alabama, and must be observed by the boards of medical examiners." It will be observed that the lawmakers have clothed the medical association of the state of Alabama with full authority to prescribe the rules and regulations governing the issuance of certificates to medical practitioners. And our statutes in this respect are not only intended as a means of maintaining a high standard in the ranks of the medical profession, but are designated to protect the public from imposition and fraud by authorizing the state medical association to prescribe the rules and restrictions governing the issuance of certificates to those engaged in or desiring to engage in the practice of medicine.

[Brooks v.The State.]

The state medical board adopted in 1899 the following ordinance: "Be it ordained by the medical association of the state of Alabama that hereafter all certificates conferring the privilege of practicing medicine in this state, issued by county boards of examiners, shall be countersigned by the senior censor of the state association before the same shall become legal and valid." It is to be noted that every certificate issued by the county board after the adoption of the above had to be countersigned by the senior censor; else it would be invalid. The state proved a prima facie case against the defendant, who attempted to defend under a certificate issued by the county board, January 29, 1900, but which had not been countersigned by the senior censor of the state, and which was insufficient, and the objection by the state to the introduction of the same was properly sustained.

There was no error in sustaining the state's objection to the defendant's attempt to introduce a diploma or proof of the length of time he had practiced medicine. These facts may have been sufficient to authorize the county board to issue him a certificate without undergoing an examination but could, in no sense, make valid a certificate not issued in conformity with the rules of the state association.

If there was any error in the ruling upon the question to witness Greene, "State whether or not he held himself out to the world as a practicing physician?" it was error without injury, as the undisputed evidence was that he actually practiced medicine for pay.—Code 1896, § 4333.

The conversations between the defendant and Dr. Moorman were clearly immaterial, and the objection thereto was properly sustained. Nor was it competent for defendant to show the action of the medical society of Marion county, since he did not show that it issued him a certificate prior to the adoption of the ordinance in 1899. Neither was it competent to show that other physicians had no certificates or had not stood examinations. If they were violating the law, it did not justify the defendant in doing so.

The trial court had a discretion in excusing Dr. San-

[Davis et al v. The State.]

ders from the rule.—*Riley v. State,* 88 Ala. 193, 7 South.

The trial court cannot be put in error for the ruling on the introduction of the book containing the constitution and ordinances of the state medical association, since the objection was a general one; no grounds of objection having been assigned.

There was no error in giving the general affirmative charge requested by the state, and in refusing the one requested by the defendant.

The judgment of the circuit court is affirmed.

WEAKLEY, C. J., and TYSON and SIMPSON, concur.