(116 So. 110)

**FOLMAR v. STATE.  (4 Div. 341.)**

Court of Appeals of Alabama.   Nov. 22, 1927.

Rehearing Denied Jan. 31, 1928.

Brassell & Brassell, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. ▮▮▮ There is but one question insisted upon by defendant as constituting reversible error, and that is the action of the trial court in refusing the defendant's motion for a new trial on the ground of newly discovered evidence. This evidence consisted of an affidavit made by the principal state's witness before a United States Commissioner at Montgomery, in which the witness swore that he purchased the whisky, for which defendant was being prosecuted, from Ray Folmar and not the defendant. Before a defendant is entitled to a new trial on the ground of newly discovered evidence, it must be made to appear: (1) The newly discovered evidence must be such as could not, with reasonable diligence, have been discovered in time to produce it at the trial; (2) it must be such as to render probable a different result on the retrial of the case; (3) the newly discovered evidence must be material and competent to the issue of fact originally tried; (4) that it must be not merely impeaching evidence; (5) that it must not be merely cumulative. Fries v. Acme W. L. Co., 201 Ala. 613, 79 So. 45. In offering the affidavit of J. L. Gore before the United States Commissioner at Montgomery in support of the motion for new trial, the defendant did not bring himself within the above rule, in that it was not alleged or proved that the affidavit was unknown to defendant before the trial; due diligence in obtaining the affidavit was not shown; and it appears that the affidavit was merely for the purpose of impeaching the testimony of the witness McLung.

▮▮▮ Other exceptions reserved on the trial are not insisted upon, but as required by law we have reviewed them. The question propounded to the witness McLung on cross-examination, "Didn't you sign an affidavit that you purchased this whisky from Ray Folmar?" was too indefinite if asked

as a predicate for impeaching McLung's testimony. Moreover, after the state's objection was sustained, no exception was reserved to the ruling of the court.

■■ Defendant's charge A was properly refused. The exact time at which an offense is committed need not be alleged, and proof that it was committed within the limits fixed by the statute is all that is necessary. All that defendant was entitled to respecting the testimony of McLung was embraced in charge 2, given at the request of defendant. The witness McLung may have been in error in naming the time of purchase at 8 o'clock without such testimony being corruptly false, in which event the testimony was immaterial so long as the time fixed was found by the jury to have been within twelve months before the return of the indictment.

We find no error in the record, and the judgment is affirmed.

Affirmed.