**Freddy GREEN, Petitioner-Appellant,**

v.

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 15382.**

United States Court of Appeals Sixth Circuit.

March 26, 1964.

David N. Gorman (Court appointed), Cincinnati, Ohio, for appellant.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen. and Reporter of Tennessee, of counsel, for appellee.

Before MILLER and CECIL, Circuit Judges, and KENT, District Judge.

CECIL, Circuit Judge.

This is an appeal from an order of the United States District Court for the Middle District of Tennessee, denying the appellant's petition for a writ of habeas corpus. The appellant filed his petition in the District Court pro se and was permitted to proceed in forma pauperis. The district judge denied the petition without a hearing upon the ground that it was apparent on the face of the petition that no constitutional rights of the appellant had been violated. He issued a certificate of probable cause and granted leave to appeal in forma pauperis.

The history of the case is recited in the petition. The petitioner, Freddy Green, referred to herein as appellant, was the defendant in a criminal proceeding in the Shelby County (Tennessee) Criminal Court. On June 30, 1961, he was tried before a jury and convicted of murder in the first degree and of murder in the perpetration of attempted rape. The jury, in accordance with the law of Tennessee, fixed the punishment as death by electrocution. (Sec. 39–2405, T.C.A.) The trial judge sentenced the appellant in accordance with the verdict of the jury. The Supreme Court of Tennessee affirmed the judgment of the trial court on February 8, 1962. Division I of the Criminal Court of Davidson County, Tennessee, denied the petitioner's application for a writ of habeas corpus on May 3, 1962. The judgment of that court was affirmed by the Supreme Court of Tennessee on February 7, 1963.

One of the claims made by the appellant in his petition to the District Court is that he was not given a proper preliminary hearing in the city courts of Memphis, and that he was bound over to the Shelby County grand jury from the office of Chief of Police without being confronted by his witnesses.[1] The district judge held that no federal constitutional right of appellant was violated in not giving him a preliminary hearing before a magistrate. We agree.

Assuming the appellant was not given a preliminary hearing, his constitutional rights were not violated. This does not constitute a denial of due process of law. A criminal case may be taken directly before the grand jury and an indictment returned by that body on testimony of witnesses.[2] The appellant misconstrues the phrase "to be confronted with the witnesses against him," as used in the Sixth Amendment to the Constitution of the United States. The language of the Amendment is, "In all *criminal prosecutions*, the accused shall enjoy the right * * * to be confronted with the witnesses against him, * * *." (Emphasis added.) In this case the appellant was prosecuted at a trial in which he was convicted by the testimony of witnesses who testified against him in open court and in his presence. "The contention at bar, that, because there had been no preliminary examination of the accused, he was thereby deprived of his constitutional guarantee to be confronted by the witnesses, by mere statement, demonstrates its error." Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 218, 40 L.Ed. 343. See also, McDonald v. Hudspeth, 129 F.2d 196, 199, C.A.10, cert. den., 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535; Moore v. Aderhold, 108 F.2d 729, 731, C.A.10.

The appellant claims further that he was cruelly and severely beaten by the Memphis police while he was confined in the city jail. This claim is unrelated to any alleged violation of a constitutional right at or before the trial which resulted in his conviction. The significance of this beating as argued by the appellant is that because of the beating he was not taken before a magistrate for a hearing. We have heretofore determined that a failure to give the appellant a preliminary hearing would not violate his constitutional rights.

The opinion of Mr. Justice White of the Tennessee Supreme Court, styled Green, Petitioner v. State, 212 Tenn. ——,

---

1. The trial judge in Division I of the Criminal Court of Davidson County in his order denying the appellant's petition for a writ of habeas corpus said: "At the hearing before the Court, the petitioner testified and admitted that he had a preliminary hearing at which time he plead not guilty, was bound over to the grand jury, * * *."

2. Section 40–1605 of the Tennessee Code Annotated provides: "The grand jury shall have inquisitorial powers over all indictable or presentable offenses committed or triable within the county." Sections 40–1617 and 40–1619 of the Code provide ample power for both the grand jury and the district attorney to have witnesses subpoenaed before the grand jury. The names of witnesses who testify before the grand jury must be endorsed on the indictment by the foreman of the grand jury. (Sec. 40–1708, Tenn.Code Ann.)

375 S.W.2d 647, was handed down February 8, 1962. Mr. Justice White in his opinion reviewed the facts of the case as revealed at the trial. The appellant took the witness stand and testified in his own behalf. He gave his version of the killing. He did not deny that he killed the victim of the murder and of the attempted assault. He sought to excuse it on the ground that he did not know right from wrong. The reviewing court found that the evidence of guilt was overwhelming against him.

The appellant was represented at the trial and in his appeal to the Supreme Court of Tennessee by a lawyer furnished by his family and by a public defender appointed by the trial judge. He was also represented by court-appointed counsel in his action for a writ of habeas corpus in Division I of the Criminal Court of Davidson County. We appointed counsel to prepare a brief and represent the appellant at the hearing in our Court. The appellant's case was ably presented by brief and oral argument.

■■ It was suggested that if the case were remanded to the District Court for a hearing, the appellant might in some way present a factual question to be resolved at a hearing. We do not condone police brutality, but if the appellant was beaten by the police, as he claims, such beating could not in and of itself be a basis for a collateral attack on the judgment of conviction. Nothing in this case indicates that the appellant was coerced into making any confession or admissions which were used at the trial or in any other manner to his prejudice. Neither he nor his counsel make such a claim in their briefs before us on this appeal. Appellant's trial counsel did not make such a claim in their motion for a new trial or in their appeal to the Supreme Court of Tennessee. Further it does not appear that any question of coercion was raised in the habeas corpus proceeding in Division I of the Criminal Court of Davidson County, Tennessee. As was said in Reid v. Bannan, 234 F.2d 654, 655, C.A.6: "In short, it was not alleged that the conviction resulting in the appellant's present confinement was itself in any way the fruit of conduct violative of the Constitution." See also Armstrong v. Bannan, 272 F.2d 577, 580, C.A.6, cert. den., 362 U.S. 925, 80 S.Ct. 679, 4 L.Ed.2d 743; Latimer v. Cranor, 214 F.2d 926, 928, C.A.9; Hampson v. Smith, 153 F.2d 417, 418, C.A.9, cert. den., 328 U.S. 850, 66 S.Ct. 1118, 90 L. Ed. 1623; Dorsey v. Gill, 80 U.S.App. D.C. 9, 148 F.2d 857, 876, cert. den., 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003.

We are mindful that the court should scrutinize a criminal case very carefully where, as in this case, the appellant has been given a death sentence. After careful consideration of all the facts in the record and the implications and inferences that may be drawn from them, we conclude that there is no merit to the appellant's petition for a writ of habeas corpus.

The judgment of the District Court is affirmed.