174 So.2d 687

**Henry Andrew QUEOR, Jr.**

v.

**STATE of Alabama.**

I Div. 283.

Supreme Court of Alabama.

April 22, 1965.

Henry Andrew Queor, Jr., pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Appellant petitioned the circuit court of Baldwin County for a writ of error coram nobis to set aside a judgment of that court rendered on September 24, 1958, adjudging him guilty of murder in the first degree and sentencing him to life imprisonment. After an oral hearing on the petition, the circuit court rendered a judgment denying the petition. This appeal is from that judgment. See: Blauvelt v. State, 276 Ala. 671, 166 So.2d 399; Ex parte Wilson, 275 Ala. 439, 440(2), 155 So.2d 611; Ex parte Keene, 275 Ala. 197, 153 So.2d 631.

An indictment charging appellant with first degree murder was returned by a Baldwin County Grand Jury on September 10, 1958. He was arraigned on September 11, 1958, and tried on September 24, 1958. On both occasions, he was represented by two court-appointed attorneys. Upon arraignment, appellant entered a plea of "not guilty." At his trial, he changed his plea to "guilty" under an agreement he would receive a life sentence.

The coram nobis petition was filed in the circuit court on January 5, 1965, and heard on January 22, 1965. At appellant's request, the trial court appointed an attorney to represent him at the hearing.

As we understand the petition, it is based on appellant's charge that he was coerced into changing his plea from "not guilty" to "guilty" and was denied the effective assistance of counsel at his trial.

■ The evidence taken at the coram nobis hearing fully supports the trial court's conclusion that appellant's change of plea was voluntary and not the result of threats and coercion. In fact, the evidence shows the change was made at appellant's insistence after an agreement had·been worked out (also at appellant's insistence) whereby appellant would receive a sentence of life imprisonment. There is no indication from the evidence that appellant did not completely understand the effect of changing his plea.

The evidence shows that appellant was adequately represented by competent counsel throughout the several proceedings, that is, at his arraignment, at his trial, and at the coram nobis hearing.

■■ Point is made that appellant had no preliminary hearing. As to this, the record is silent. But even if there was no preliminary hearing, such fact would have no bearing on the validity of the indictment and subsequent proceedings incident thereto, i. e., the arraignment and trial. See: Mills v. State, 277 Ala. 455, 171 So.2d· 844, 845; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Green v. Bomar, 6 Cir., 329 F.2d 796; Latham v. Crouse, 10 Cir., 320 F.2d 120. As said in Green v. Bomar: "Assuming the appellant was not given a preliminary hearing, his constitutional rights were not violated. This does not constitute a denial of due process of law. * * *"

The judgment denying coram nobis is due to be, and is, affirmed.

·Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.