185 So.2d 145

**Leon R. MANNING**

v.

**STATE.**

**I Div. 100.**

Court of Appeals of Alabama.

April 5, 1966.

Leon R. Manning, pro se.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This appeal is from a denial of coram nobis.

Two separate indictments charging second degree burglary were returned against appellant by a Clarke County Grand Jury on February 19, 1964. On March 17, 1964, he entered guilty pleas as to both indictments and was sentenced to two years on each charge.

The petition is based on appellant's charge that he was illegally arrested; was not allowed to contact an attorney; was not granted a preliminary hearing; was coerced into signing a confession and entering guilty pleas.

It is argued that the warrants of arrest were improperly issued, in that they were signed by the Clerk of the Inferior Court of Clarke County and were executed by the Sheriff of Clarke County by arresting petitioner in Mobile County, without having been indorsed by a magistrate. Section 163, Title 15, Code 1940.

■ Any irregularities in obtaining jurisdiction of the person may be waived. Henderson v. State, 36 Ala.App. 143, 53 So.2d 624; Gladden v. State, 36 Ala.App. 197, 54 So.2d 607; Bozeman v. State, 40 Ala.App. 391, 114 So.2d 912. They were

waived by appellant's actions in this instance. Moreover, there was no showing that any irregularities in his arrest deprived appellant of a fair trial. Brookins v. State (Fla.), 174 So.2d 578.

■ The failure to have a preliminary hearing did not violate appellant's constitutional rights. Queor v. State, 278 Ala. 10, 174 So.2d 687.

■ The evidence shows that defendant was free on bond from February 20 to March 17; that he conferred with his Mobile attorney. He was represented by court-appointed counsel at his arraignment and when he entered his pleas of guilty.

The evidence supports the trial judge's conclusion that the confessions and subsequent pleas were voluntary and not the result of coercion, threats, promises or inducements.

The judgment denying coram nobis is affirmed.

Affirmed.