220 So.2d 259

Charles James GRACE

v.

STATE.

1 Div. 322.

Court of Appeals of Alabama.

Jan. 7, 1969.

Rehearing Denied Feb. 11, 1969.

Collins, Galloway & Murphy, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge:

This is an appeal from a conviction for the offense of robbery, with punishment fixed at twenty years in the penitentiary.

The indictment was returned on October 11, 1967. An attorney was appointed to represent defendant on October 24, 1967, and on that day he was arraigned and entered a plea of not guilty. Trial was had on February 15, 1968. A motion for a new trial was filed and was denied.

Court appointed counsel argues in brief that appellant's constitutional rights were violated for failure to have counsel present at his preliminary hearing, and states: "As a matter of fact, the record does not indicate what happened at the preliminary hearing, as the record proper begins with the indictment."

There is no presumption from a silent record that a preliminary hearing was held. The constitutional rights of an accused are not violated in not giving him a preliminary hearing. Queor v. State, 278 Ala. 10, 174 So.2d 687; Aldridge v. State, 278 Ala. 470, 179 So.2d 51; Manning v. State, 43 Ala.App. 182, 185 So.2d 145. See also Coleman v. State, 44 Ala.App. 429, 211 So.2d 917, certiorari denied, 282 Ala. 725, 211 So.2d 927.

The next insistence of error concerns the lack of counsel at the police lineup.

Ronald David McGahagin testified in early July, 1967, he got into his parked car in front of the Mobile post office on St. Joseph Street. Two colored boys, one on each side, opened the doors and got into the automobile. One Morrissette sat in front beside McGahagin and defendant sat on the back seat directly behind McGahagin. The defendant put his left arm around McGahagin's neck and with his right hand held a knife to his mouth. Morrissette ordered McGahagin to drive off and instructed him where to drive. He was told to stop on Davis Street and the men took his high school class ring, his Elgin wrist watch and $7.70 in money. It was about 10:30 at night, but he was able to get a good view of both men.

Leonza King testified that on a Sunday in early July, 1967, he was having his car repaired at Lambert's Garage. Two young colored men came to the station and sold him a man's wrist watch for $10.00. One of the men was the defendant.

Bill Lambert testified he was at the garage on Sunday, July 2, when Leonza King was there. Donald Morrissette came in and offered to sell him a watch, but he refused to buy "because it may be hot." King heard the conversation and said he needed a watch and "if it's not hot I'll buy it." Morrissette went across the street and returned with the defendant. King bought the watch, which was identified as the watch taken from McGahagin.

The fact of a lineup was first injected into the case by defendant during the cross examination of McGahagin. He stated there were five persons in the lineup and he picked two from it. On redirect examination he stated he viewed the five persons through a two way glass. Some were shorter than others and one was very short. He was not prompted or given any suggestions as to who was in the lineup. The two persons he recognized were the defendant and Donald Morrissette.

Leonza King testified on direct examination that he viewed the lineup, composed of several people. He identified the defend-

ant and another as being the men from whom he bought the watch.

Hubert Bell, Mobile City Detective, testified that McGahagin picked Grace and Morrissette from the lineup. The other members of the lineup were about the same description, size and age. McGahagin was not prompted or offered any suggestions as to the persons in the lineup. He stated there was a second lineup at another time, on which occasion the individuals in the lineup were about the same size and description. It was viewed by Leonza King who picked Charles Grace and Donald Morrissette as the persons from whom he purchased the watch.

There was no objection either to the evidence of the lineup identification, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, or to the "in-court identification," U. S. v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and there was no motion to suppress the evidence because of the absence of counsel at the lineup. The transcript is silent as to counsel at the lineup. In the absence of a ruling by the trial court nothing is presented for our review.

■ Besides, the evidence clearly shows that the in-court identification by McGahagin and King was based upon observations of the suspect other than the lineup identification. *Wade,* supra; State v. Allen, 251 La. 237, 203 So.2d 705.

■ Bill Lambert identified the defendant in court and said he knew him and Morrissette "Just by the face" at the time they came to his garage. There was no evidence of his viewing a lineup. Donald Morrissette testified as a witness for defendant and defendant also testified. There was no mention of the lineup by either witness. It is obvious from all the circumstances that the introduction of the identification evidence, if error, was harmless.

The judgment is affirmed.

Affirmed.

JOHNSON, J., not sitting.