227 So.2d 816

**Gerald G. BRADEN**

**v.**

**STATE.**

**1 Div. 9.**

Court of Criminal Appeals of Alabama.

Nov. 4, 1969.

Robert M. Harper, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

CATES, Judge.

Appeal from conviction of second degree burglary: breaking and entering with intent, etc., the Service Department Building of Johnson Chevrolet, Incorporated. Sentence, ten years in the penitentiary. Code 1940, T. 14, § 86.

## I.

The night watchman seeing three men in the building, among then Braden, captured them and called the police. A short time later some tools and pistols were found in a booth where the watchman first cornered the trio.

## II.

Some attempt appears in the record to have been made to claim error because of the absence of a preliminary hearing. See Code 1940, T. 15, § 128 et seq.

■ Preliminary examination is laid down as a mode of determining the regularity of detention before (i. e. without) indictment. See Ex parte Thaggard, 42 Ala.App. 229, 159 So.2d 813, affirmed 276 Ala. 117, 159 So.2d 820. However, if the magistrate holds no preliminary examination, a prisoner's proper praecipe for a writ is one for mandamus, not for habeas corpus. Ex parte Simpson, 3 Ala.App. 222, 57 So. 518; State v. Humphrey, 125 Ala. 110, 27 So. 969; State v. Richburg, 42 Ala.App. 495, 168 So.2d 628(3).

■ Upon indictment by a properly chosen grand jury, then a determination of there being probable cause has been made so as to hold the accused to answer to a petty jury. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283.

In United States ex rel. Hughes v. Gault, 271 U.S. 142, 46 S.Ct. 459, 460, 70 L.Ed. 875, we find per Holmes, J.:

"The Constitution does not require any preliminary hearing before a person charged with a crime against the United States is brought into the Court having jurisdiction of the charge. There he may deny the jurisdiction of the Court as he may deny his guilt, and the Constitution is satisfied by his right to contest it there. * * *"

A preliminary hearing as a means of pretrial discovery has recently received much attention in legal writings. Traynor, Ground Lost and Found in Criminal Discovery, 39 N.Y.U.L.Rev. 228; Symposium, 33 F.R.D. 47; Runge, Texas Criminal Discovery, 47 Texas L.Rev. 1182; McGee, Ala.Crim. Practice, (2d Ed.) p. 52, f. n. 4.

■■ Had the examining magistrate not taken depositions of the accusing witnesses, such a deficiency would have only been properly brought out by a subpoena duces tecum. Such a failure might then have served as a predicate for a bystander's testimony. Here no predicate was laid to put the matter before the circuit judge on trial of the indictment.

We cannot perceive (because of the alleged lack of such written depositions) any breach of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 on the record before us. Beyond this, we are not called on to decide.

## III.

■ The admission of testimony regarding the finding of pistols, tools and a spent cartridge at the scene some time after the capture of Braden and his companions was not error. Objects at the scene are generally relevant and remoteness in time from the res gestae is an objection going to weight and not legality. Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396; Busbee v. State, 36 Ala.App. 701, 63 So.2d 290 (3); West v. State, 37 Ala.App. 125, 65 So. 2d 203; Petty v. State, 40 Ala.App. 151, 110 So.2d 319; Dorch v. State, 40 Ala.App. 475, 115 So.2d 287; Pitts v. State, 40 Ala. App. 702, 122 So.2d 542; Douglas v. State, 42 Ala.App. 314, 163 So.2d 477(23); McElroy, Evidence, (2d Ed.) § 21.01(3).

We have reviewed this record under Code 1940, T. 15, § 389 and consider the judgment below should be

Affirmed.