302 So.2d 540

**Guy PATTERSON**

v.

**STATE of Alabama.**

5 Div. 199.

Court of Criminal Appeals of Alabama.

Aug. 13, 1974.

Rehearing Denied Oct. 1, 1974.

Clellon K. Baeder, Huntsville, for appellant.

William J. Baxley, Atty. Gen. and Otis J. Goodwyn, Asst. Atty. Gen., for the State.

HOLMES, Judge.[1]

The appellant, Guy Patterson, was convicted of selling marijuana and was sentenced to fifteen years imprisonment.

Sgt. Robert Patterson, an undercover agent of the Alabama Public Safety Department, testified, which testimony was obviously believed by the jury, that on March 3, 1973, he purchased from the appellant approximately one-half ounce of what is commonly referred to as marijuana.

## I

Appellant complains on this appeal that the trial court erred to reversal in refusing to put Sgt. Patterson and the state toxicologist under the rule.

The exclusion of witnesses from the courtroom is entirely a matter of discretion with the trial court, and not of right. See DeFranze v. State, 46 Ala.App. 283, 241 So.2d 125, and cases cited therein. Furthermore, this discretion is not reviewable. *DeFranze, supra*, and cases cited therein. Additionally, it is within the discretion of the trial court to excuse some witnesses and not others. Brooks v. State, 146 Ala. 153, 41 So. 156; McDowell v. State, 238 Ala. 101, 189 So. 183.

## II

Appellant contends that the trial court erred to reversal in permitting, over objection, the State's witness to describe the clothing worn by the appellant at the time the sale of marijuana in question was made. We find no merit in this argument.

Sgt. Patterson met appellant at a drive-in restaurant parking lot at 11:00 P. M. and then proceeded to a cabin away from town where the alleged sale was con-

summated. For the trial court to allow testimony as to what type clothing and a description thereof that appellant was wearing at the time the sale of marijuana was made is not reversible error, but to the contrary, such evidence is, to this court, relevant. See Orr v. State, 236 Ala. 462, 183 So. 445.

## III

The appellant next urges the trial court committed error to reversal when it failed to grant his motion for a new trial on the ground of newly discovered evidence.

In this regard, a Lee County deputy sheriff testified for the State in rebuttal that he had, approximately three weeks prior to the commission of the subject offense, observed the defendant and his brother at the cabin where the alleged sale took place. This testimony was in rebuttal to defendant's testimony concerning his prior appearances at the cabin. After the trial, appellant discovered that his brother was incarcerated in the Phenix City, Alabama, jail on the date the deputy testified he saw him, hence the aforesaid motion.

As our supreme court stated in Taylor v. State, 266 Ala. 618, 620, 97 So.2d 802, 804:

"To establish his right to a new trial on the ground of newly discovered evidence the defendant must meet the following requirements: (1) That the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issue; and (5) that it is not merely cumulative or impeaching. Washington v. State, 259 Ala. 104, 107, 65 So.2d 704; O'Pryor v. State, 237 Ala. 13, 185 So. 374; Hodge v. State, 32 Ala.App. 283, 286, 26 So.2d 274, certiorari denied 248 Ala. 73, 26 So.2d 278; Folmar v. State,

---

[1] July 3, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution, the Chief Justice assigned to this Court the judges of the Court of Civil Appeals for temporary service.

22 Ala.App. 317, 116 So. 110, certiorari denied 217 Ala. 410, 116 So. 112; 39 Am.Jur., New Trial, § 158, p. 165."

█ Here, in this instance, we fail to perceive how the fact that defendant's brother was not present at the cabin on a date not involved with the offense charged against defendant could change the result. Furthermore, it is difficult to comprehend that this fact could not have been discovered before trial by the exercise of due diligence, to wit, it was defendant's brother with whom he was in contact. Additionally, under the facts of this case, such newly discovered evidence is in the nature of impeachment evidence.

### IV

Appellant argues in brief that the trial court committed reversible error when his motion for a preliminary hearing was denied.

As we can glean from the record, the defendant was free on bond after being arrested by warrant. On May 7, he made the following motion:

### "MOTION FOR PRELIMINARY HEARING

"Comes now the Defendant, Guy Patterson, by and through his undersigned attorney, and moves the Court for Preliminary Hearing, pursuant to Code of Alabama, Title 15, Sections 133, 134, 138, et seq.; and pursuant to Declaration of Rights Constitution of Alabama, Article 1, Section 6.

"The Defendan- [sic], Guy Patterson, represents to this Court that he is free on bond, pursuant to a warrant of arrest, and that he will remain under said bond pending action by the Grand Jury, and that he did not at any time waive a preliminary hearing.

> "Respectfully submitted,
>
> /s/ Clellon Baeder
>
> Clellon Baeder
> Attorney for Defendant"

In response to the above motion, the trial court entered the following order:

### "ORDER AND JUDGMENT DENYING MOTION OF DEFENDANT FOR PRELIMINARY HEARING.

"On this day, Monday, May 7, 1973, at 4:50 P.M. Hon. Clellon Baeder, attorney for defendant, personally brought to the undersigned Judge of this Court a 'motion for preliminary hearing'. The motion had already been filed with the Clerk (time unknow[n]) on this day, May 7, 1973.

"It is the opinion of this Court that said motion should be denied for the reason that on this day at 9:00 A.M., the second 1973 Session of this Court convened and the Court charged the Grand Jury which retired for deliberations with the District Attorney at approximately 10:30 A.M. The Defendant's case is now being investigated by that Grand Jury. Furthermore, the District Attorney, who does not have an assistant, will be continuously engaged with the Grand Jury until its deliberations have been completed, and that will be several days hence. Furthermore the undersigned Judge of this Court (the only Judge in this Circuit) after charging the Grand Jury, immediately entered into the trial of civil jury cases and will be continuously engaged in the trial of civil jury cases during the present week and the trial of civil non-jury cases next week wherein witnesses have been subpoenaed to appear on all days during the present week and next week and until the trial of all civil cases shall have been completed. See Criminal Law, Keys 223, et seq.

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Court as follows:

"1. That defendant's said motion for preliminary hearing is filed too late and the same be and is hereby overruled and denied.

"2. That a copy of this order and judgment be by the Clerk of this Court delivered, or mailed by ordinary mail postage prepaid, to the following:

"Hon. Clellon Baeder
Attorney at Law
Head Start Legal Department
P. O. Box 1632
Auburn, Alabama  36830

"Hon. G. H. Wright, Jr.
District Attorney
Courthouse
Opelika, Alabama 36801

"DONE this May 7, 1973.

"/s/  L. J. Tyner
CIRCUIT JUDGE"

◼ In view of the above, we can conceive of no prejudicial error to the defendant.

The late distinguished Presiding Judge Price of the then Court of Appeals of Alabama, in Grace v. State, 44 Ala.App. 682, 220 So.2d 259, stated the following: "The constitutional rights of an accused are not violated in not giving him a preliminary hearing." See also Queor v. State, 278 Ala. 10, 174 So.2d 687; Aldridge v. State, 278 Ala. 470, 179 So.2d 51; Manning v. State, 43 Ala.App. 182, 185 So.2d 145; Coleman v. State, 44 Ala.App. 429, 211 So. 2d 917, certiorari denied, 282 Ala. 725, 211 So.2d 927.

Quite frankly, in this instance, under these facts, we cannot think of any other rights of the defendant that are violated by a preliminary hearing not being held. See Braden v. State, 45 Ala.App. 186, 227 So. 2d 816.

V

Appellant's penultimate contention is that the trial court erred in allowing a witness to answer, over objection, the following question propounded to her by the D.A.:

"Mr. Zanda Mann got up here and testified a little while ago that he knows or knew as a fact that your son never left that house that Saturday.  He was incorrect, wasn't he?"

Appellant argues that this calls for the witness to testify as to the mental attitude of Zanda Mann and is therefore inadmissible.  We do not agree.

◼ The question, to this court, simply calls upon the witness to state whether or not her son left the house even though her husband (Zanda Mann) testified he had not so left.  We find no error in this.

VI

The appellant's final argument for reversal is bottomed upon the following set of circumstances.

The appellant's mother testified that Sgt. Patterson, the undercover agent, had come to her home on June 10, 1973, which was the Sunday before the trial of this case. The purpose of the visit or its relevancy is unclear from the record.  In any event, the State then recalled Sgt. Patterson and during his testimony he stated that he did not go to appellant's mother's home on June 10, 1973; furthermore, that he was approximately 100 miles away from the appellant's mother's home on June 10, 1973, making a "buy" in another unrelated drug case.  On re-cross examination, the appellant asked Sgt. Patterson specifically where he was on June 10, 1973, to which the State objected and the trial court sustained the objection.

◼ We fail to see how the trial court's action in sustaining the objection prejudiced the appellant in any way.  It appears to this court the whereabouts of the undercover agent some three months after the commission of the offense for which the accused was convicted had little relevancy to the issues before the trial court.  Suffice it to say the trial court has the discretion to disallow questions on cross examination which have little bearing on the witness's credibility.  Shanes v.

State, 233 Ala. 418, 172 So. 272. In this instance, we see no abuse of such discretion as would warrant a reversal, nor any probable injury from the trial court's ruling.

This court has examined the record in this cause and has discovered no error injurious to the rights of appellant and the case is, therefore, due to be affirmed. We specifically note that the sentence imposed by the trial judge is within the statutory limits as prescribed by the legislature and, therefore, this court has no power to modify same.

The judgment below is hereby affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J. (Ct.Civ.App.), and TYSON and HARRIS, JJ., concur.