LEIGH M. CLARK, Supernumerary Circuit Judge.
The only question presented by appellant relates to the fact that he, tried, convicted, and sentenced for a felony charged in an indictment, was never given a preliminary hearing.
Defendant was arrested on May 29, 1975, on a warrant issued the same day by the clerk of the Inferior Court of Pike County. The next day he made bond and was released from custody. He was indicted for the alleged offense on June 26, 1975. He appeared for arraignment on July 8, without counsel, and asked for a continuance, which was granted, to July. 25 to employ counsel; another continuance was granted; on August 11, he appeared with his retained counsel and pleaded not guilty. On August 14, he filed a Motion to Dismiss, which was heard and denied on August 18. On September 9, he was tried and convicted.
The Motion to Dismiss alleges that prior to indictment “the Inferior Court of Pike County did not hold a preliminary hearing as required by Title 15, Section 133, Code of Alabama. The defendant did not waive the holding of said preliminary hearing.” The motion further alleges that the failure to conduct a preliminary hearing was prejudicial to the defendant’s proper preparation of the case for trial and violated his right to due process of law. Testimony was taken on the hearing of the motion, which showed that defendant never demanded a preliminary hearing but that he never expressly waived a preliminary hearing. Appellant insists that the denial of defendant’s Motion to Dismiss was erroneous and that “defendant’s sentence should be reversed and the case rendered with an order of this Court discharging defendant from further proceeding against him.”
Code of Alabama 1940, Title 15, provides :
“§ 133. The magistrate before whom any person is brought, charged with a public offense, must, as soon as may be, examine the complainant and the witnesses for the prosecution on oath, in the presence of the defendant; and after the testimony for the prosecution is heard, the witnesses for the defendant must be sworn and examined.”

“§ 139. If upon the whole evidence it appears to the magistrate that no offense has been committed, or that there is no probable cause for charging the defendant therewith, he must be discharged.”

“§ 140. If it appears that an offense has been committed, and that there is probable cause to believe that the defendant is guilty thereof, he must be discharged, if the offense is bailable, upon giving sufficient bail, but if sufficient bail is not given, or if the offense is not bailable, he must be committed to jail by an order in writing.”
In Queor v. State, 278 Ala. 10, 174 So.2d 687 (1965), it was stated:
“Point is made that appellant had no preliminary hearing. As to this, the record is silent. But even if there was no preliminary hearing, such fact would have no bearing on the validity of the indictment and subsequent proceedings incident thereto, i. e., the arraignment and trial. See: Mills v. State, 277 Ala. 455, 171 So.2d 844, 845; Aaron v. State, 271 Ala. 70, 122 So.2d 360; Green v. Bomar, 6 Cir., 329 F.2d 796; Latham v. Crouse, 10 Cir., 320 F.2d 120. As said in Green v. Bomar: ‘Assuming the appellant was not given a preliminary hearing, his constitutional rights were not violated. This does not constitute a denial of due process of law. . . .’”
Although the quotation from Queor was not necessary to a decision in that case, Mr. Justice Harwood, after obvious exhaustive study of the subject, spoke for the court as it held that where defendant had been indicted by a grand jury, there was *414 no violation of any constitutional right to a preliminary hearing in the failure of the magistrate, or other judicial authority, to afford him a preliminary hearing. Ex Parte Campbell, 278 Ala. 114, 176 So.2d 242; Ex Parte Flanigan, 278 Ala. 432, 178 So.2d 825, Aldridge v. State, 278 Ala. 470, 179 So.2d 51. To the same effect are Manning v. State, 43 Ala.App. 182, 185 So.2d 145; Coleman v. State, 44 Ala.App. 429, 211 So.2d 917, cert. denied 282 Ala. 725, 211 So.2d 927; Grace v. State, 44 Ala.App. 682, 220 So.2d 259; Patterson v. State, 53 Ala.App. 567, 302 So.2d 540. In Grace we find:
“The constitutional rights of an accused are not violated in not giving him a preliminary hearing.”
In Patterson, it was stated:
“Quite frankly, in this instance, under these facts, we cannot think of any other rights of the defendant that are violated by a preliminary hearing not being held. See Braden v. State, 45 Ala.App. 186, 227 So.2d 816.”
The right of a defendant to a preliminary hearing in a felony case is with reference only to his status at the time. He is then in custody or under bond. He has the right to a reasonably prompt hearing. The purpose thereof is to afford him an opportunity to test the validity of his confinement, or of his subjection to bond, by a judicial determination of the question of probable cause, which, if favorable to him would entitle him to discharge from the particular proceeding, not absolution, however, from the alleged crime. It so happens that at such a preliminary hearing a defendant obtains some information, and sometimes tremendously valuable information, as to evidence that is likely to be presented against him on the trial of his case. This, however, is merely a legitimate by-product of the process that is not embraced within the policy providing for it. A preliminary hearing is not a prerequisite to a valid indictment. The committing magistrate, or other judicial officer conducting a preliminary hearing, and the grand jury act independently of each other. Even if the judicial officer conducting the preliminary hearing finds there is no probable cause and discharges defendant, the grand jury may theretofore or thereafter lawfully find probable cause and return an indictment as to the same alleged crime. Neither a preliminary hearing nor a failure to conduct a preliminary hearing impairs an indictment; nor does either substantially affect the course of a prosecution based upon an indictment.
The trial court was not in error in denying defendant’s Motion to Dismiss, and we find no error in the record prejudicial to appellant. The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.