The appellant was indicted and convicted for the offense of carnal knowledge of a girl over twelve and under sixteen years of age. Title 14, Section 399, Code of Alabama 1940. The jury fixed sentence at two years' imprisonment.
 I
It was within the sound discretion of the trial court to permit the Sheriff, a witness for the state, to remain in the courtroom during the trial although the rule had been invoked.Webb v. State, 100 Ala. 47, 14 So. 865 (1894); Elrod v. State,281 Ala. 331, 202 So.2d 539 (1967); 6A Alabama Digest, Criminal Law, Key Number 665 (2). The exclusion of witnesses from the courtroom is entirely a matter of discretion, and not of right.McLean v. State, 16 Ala. 672 (1849); Patterson v. State,53 Ala. App. 567, 302 So.2d 540, cert. denied, 293 Ala. 770,302 So.2d 545 (1974).
 II
Even though a child should, as far as possible, be permitted to tell, in his own language, what he saw and heard before resort is made to leading questions, it was within the discretion of the trial court to permit the prosecution to ask the twelve year old victim leading questions as to the details of the crime and the events surrounding *Page 66 
its commission. Jackson v. State, 239 Ala. 38, 193 So. 417
(1940); Massey v. State, 49 Ala. App. 341, 272 So.2d 267, cert. denied, 289 Ala. 747, 272 So.2d 270 (1972); Title 7, Section 444, Code; Gamble, McElroy's Alabama Evidence, Section 121.05 (8) (3rd ed. 1975).
 III
After cross examining the victim, defense counsel reserved "the right to recall this witness". The trial judge responded, "All right" and instructed the bailiffs to assist the jury during the recess. After the state had rested and all the witnesses for the defense had testified, defense counsel moved to recall the victim for further cross examination because "there is a definite conflict in the testimony the defendant has presented and the testimony the state has presented". Counsel stated that he "just want(ed) her to get on the stand and ask her if she wants to change her story". The trial judge responded that he would allow the victim to be recalled but only as a defense and not a hostile witness.
A trial court has discretion to allow or disallow a witness to be recalled for further cross examination. Shiflett v.State, 52 Ala. App. 476, 294 So.2d 444, cert. denied, 292 Ala. 749, 294 So.2d 448, cert. denied, 419 U.S. 867, 95 S.Ct. 124,42 L.Ed.2d 105 (1973); Morningstar v. State, 59 Ala. 30 (1877). A witness may be recalled and reexamined in chief, or further cross examined, at any stage of the trial, and as often as the court may allow. Thomas v. State, 100 Ala. 53, 14 So. 621
(1894). Because it is within the discretion of the trial court to disallow a witness to be recalled, the court, even after allowing the recall, has the discretion to disallow any question that may be asked the witness. Koger v. State,38 Ala. App. 476, 87 So.2d 552 (1956); Bone v. State, 8 Ala. App. 59,62 So. 455 (1913). It is within the court's discretion to allow the recall of a witness for the purpose of impeachment or to lay a foundation therefor. Hammond v. State, 147 Ala. 79,41 So. 761 (1906), and cases cited at 147 Ala. 89, 41 So. 761;Lewis v. State, 231 Ala. 211, 164 So. 92 (1935); Bell v. State,74 Ala. 420 (1883). The trial court may properly allow a party to ask leading questions of a witness who has been recalled.Gurley v. State, 216 Ala. 342, 113 So. 391 (1927). If the court permits the recall of an adverse witness for purposes of impeachment or further cross examination, this act does not make such witness the witness for the party calling him.Hammond, supra; Jones v. State, 115 Ala. 67, 22 So. 566 (1897). Contra, Barker v. Bell, 46 Ala. 216 (1871).
We find that the trial judge did not abuse his discretion in refusing to allow the appellant to call the prosecutrix for further cross examination or for impeachment after the state had rested its case and the defense presented all of its witnesses. In brief the appellant contends that the trial court "abused its discretion and prevented the appellant from using certain information gained by testimony at this trial in an effort to impeach and otherwise change the testimony of the state's witness". Not only does defense counsel have a duty to seek to determine all relevant facts known to the accused but he also has a duty to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. American Bar Association Standards Relating to The Administration of Criminal Justice, The Defense Function, 3.2 (a) and 4.1. Thus, absent surprise, defense counsel will be prepared to lay the foundation for impeaching a complaining witness in the usual course of cross examination during the state's presentation of its case. Here the record discloses no reason why defense counsel should have been permitted to recall the complaining witness for further cross examination. The conflict presented between her testimony and that of the appellant was clearly a question for the jury. After the state had rested and the defendant presented all his witnesses, the defendant had no right to recall the prosecutrix for purposes of further cross examination and impeachment on matters to which she *Page 67 
had previously testified and which conflicted with the testimony given by the appellant. Such a course would convert the trial into an endless display of refutation and rebuttal.
While the denial of a party's request for further cross examination after the right to recall has been granted may constitute an abuse of discretion, the record in this case does not support a finding that defense counsel specifically reserved a right to recall the witness for further crossexamination or that the court granted such a reservation. Hallv. State, 51 Ala. 9 (1874). Unlike the situation in Hall, the record does not indicate that the cross examination was temporarily suspended to prepare questions laying a proper predicate for impeachment or contradiction. Without question a defendant is entitled to call a witness used by the prosecution as his own. However the defense counsel who wishes to discontinue his cross examination and reserve a remainder until a later time should make the purpose of his reservation clear to the court.
 IV
The evidence of the appellant's guilt raises questions of fact for the jury. Such evidence, if believed, is sufficient to sustain the conviction. Even the uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction for carnal knowledge under Title 14, Section 399, Code. Blackmon v.State, 46 Ala. App. 274, 240 So.2d 696, cert. denied, 286 Ala. 733, 240 So.2d 699 (1970); Waters v. State, 55 Ala. App. 646,318 So.2d 342, cert. denied, 294 Ala. 773, 318 So.2d 346
(1975). The prosecutrix testified, in substance, that the attempted act of sexual intercourse caused her pain. A physical examination revealed a very small abrasion on the child's hymen ring which is "essentially an area of skin around the entrance to the vagina". This was sufficient evidence of the element of penetration to support the jury's finding of carnal knowledge.Thomas v. State, 53 Ala. App. 232, 298 So.2d 652, cert. denied,292 Ala. 755, 298 So.2d 657 (1974). The slight degree of physical injury to the child does not negative a claim of penetration. Smith v. State, 57 Ala. App. 164, 326 So.2d 692, cert. denied, 295 Ala. 419, 326 So.2d 695 (1975).
We have carefully searched the record and found no error adverse to the substantial rights of the appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 278