TYSON, Judge.
Julius McLeod appeals from the denial of his petition seeking post-conviction relief pursuant to the provisions of Rule 20, A.R.Crim.P.Temp. This relief was denied by the circuit court after it conducted a full evidentiary hearing on the merits of the appellant’s allegations.
Julius McLeod was originally charged by indictment with first degree sodomy, first degree rape, first degree robbery, and three charges of second degree kidnapping, all by the Circuit Court of Jefferson County. The cases were tried, and the appellant received three sentences of life imprisonment without parole and three sentences of life imprisonment. He then appealed his convictions to this court where they were affirmed in an opinion by Judge Bowen. McLeod v. State, 545 So.2d 191 (Ala.Crim. App.1988). His request for rehearing was denied and certiorari was denied by the Supreme Court of Alabama.
In response to his petition seeking post-conviction relief, the circuit court conducted a full evidentiary hearing squarely on the merits of the allegations asserted in the petition. The circuit court then entered its order and judgment making its findings on the merits of the appellant’s allegations: (R. 95-97)
“STATE OF ALABAMA “VS. “JULIUS McLEOD
IN THE TENTH JUDICIAL CIRCUIT OF ALABAMA — BESSEMER DIVISION
CASE NO. CC-87-272.6
“ORDER
“Julius McLeod filed a Petition for Relief pursuant to Rule 20 of the Alabama Rules of Criminal Procedure. Petitioner’s claims that there was (1) no probable cause for his arrest, (2) his statements were coerced and involuntary, and (3) the State failed to make out a prima facie case are precluded from review because they were raised and considered on appeal. He also contends that he was denied effective assistance of counsel and made over 30 specific allegations in an attempt to support his contention. After a full hearing on this issue, the following findings of fact were made:
“1. The fact that Petitioner filed a complaint with the bar association about his appointed counsel is no evidence of ineffective assistance of counsel. Counsel testified that this did not affect their efforts on Petitioner’s behalf.
“2/3. Petitioner’s contention that witnesses requested were not called is without merit. In most instances only first names were given. Those witnesses who could be located said they could not help the defendant:
“4. No ‘Batson’ issue was raised at trial nor is there any evidence to support his contention that peremptory strikes were used in a racially discriminatory manner.
*539 “5/7. Counsel’s failure to visit the crime scene in this case (it being inside a standard van) is no evidence of ineffective assistance of counsel.
“8. Consolidation of these cases was proper. All of these events occurred at the same time and evidence of all would have been admitted in trial of either case as part of the res gestae.
“9. The Court finds that Petitioner was advised about all of the potential consequences of his decision to testify in his own behalf.
“10. These cases were not duplicitous. The Petitioner’s ‘foul and reprehensible acts’ constituted more than one offense.
“11. The evidence of similar crimes complained of was not presented to the jury but was offered only to the Court on the issue of the arrest of the Petitioner. It was properly admitted and counsel cannot be considered ineffective for failing to object.
“12. Counsel has no obligation to ‘prepare’ a defense of alibi when none exists.
“13/14. The issue of the admissibility of the Petitioner’s statement was raised and considered on appeal.
“15/16. There is no evidence to support Petitioner’s allegation that the State withheld exculpatory evidence from the defendant.
“17. Allegations that counsel failed to talk to State witnesses is without merit. Counsel not only talked to witnesses, but reviewed the district attorney’s file and questioned them at preliminary hearing.
“19. Petitioner was tried for Rape, Robbery, Sodomy and Kidnapping. Counsel was not ineffective for failing to argue that Petitioner was guilty of Receiving Stolen Property.
“20. The admissibility of Petitioner’s statement was raised and considered on appeal.
“22. Petitioner’s contention that appellate counsel was ineffective for not raising ineffective assistance of trial counsel is without merit. The Court finds that appellate counsel never told Petitioner that he would not raise this issue because he ‘had to practice law in Bessemer.’
“23/26. These matters were raised at trial and on appeal and are barred from consideration.
“28/29. Closing argument of the district attorney was not improper and failure to object is without error.
“30. Petitioner had no right to a sequestered jury. It is within the Court’s discretion to allow the jury to separate.
“Julius McLeod received a fair trial. His counsel did all they could do under the facts of this case. Their representation of this Petitioner is found to far exceed the minimum standards set out in Strickland v. Washington, 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984).
“Relief sought is denied.
“DONE and ORDERED this the 14th day of August, 1990.
“/s/ Dan Reynolds “Senior Circuit Judge”
We have examined the original trial transcript and the transcript of the post-conviction proceeding and are of the opinion that the judgment of the circuit court herein-above set forth is due to be affirmed. The appellant has failed to make out a case of ineffective assistance of counsel either at trial or on original appeal under the standards set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or in Evitts v. Lacey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
As pointed out by the State in brief, the appellant’s allegations with reference to the fact that his trial attorneys were ineffective at preliminary hearing because they allowed the hearing to go forward on all pending charges against him is without merit. The fact remains that he was charged in a separate indictment by the grand jury as to each offense; thus, the matters before the court on preliminary hearing would not and did not preclude a return of an indictment by the grand jury. See Daniels v. State, 335 So.2d 412 (Ala. Crim.App.1976).
*540 We have carefully examined this record in light of the assertions made by the appellant in his pro se brief. We are of the opinion that the matters asserted lack legal merit and are, in fact, precluded either for failure to raise on original appeal or being without legal merit. We are of the opinion that the trial court’s order and judgment is correct.
For the reasons stated, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.