314 So.2d 123

**Buford J. POUNDERS, Jr.**

v.

**STATE.**

**8 Div. 593.**

Court of Criminal Appeals of Alabama.

May 27, 1975.

Walter L. Allen, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was tried and convicted in the lower court for murder in the first degree and his sentence fixed at life imprisonment in the penitentiary.

On arraignment he plead not guilty and not guilty by reason of insanity.

On October 7, 1973, appellant filed a petition, before trial, under the provisions of T. 15, § 428, Code of Alabama, 1940, Recompiled 1958, for the court to make a determination as to whether or not the appellant was insane and capable of standing trial under the indictment returned against him and if so, that he be transported to Bryce Hospital for treatment pending his return to sanity, etc.

This petition was set for hearing on October 19, 1973, before the court. In addition the court ordered the examination of the appellant by a psychiatrist, Dr. Joseph Glaister of Birmingham, on November 2, 1973. After an oral hearing before the court and the further consideration of the report of the psychiatrist of his findings upon his examination of appellant, the court on November 8, 1973, denied appellant's petition and set the trial on the merits for November 26, 1973. The testimony before the court upon this matter has been carefully examined and we find no error in the action of the court in overruling the motion.

The transcript of the proceedings in this case from beginning to end contains over 375 pages, although appointed counsel filed

a no-merit letter in this cause, the court has attempted to give its careful consideration to the entire record.

At the conclusion of the testimony offered by the State, the appellant made a motion to exclude on the grounds that the cause of the death of the deceased had not been established; the State had failed to make out a prima facie case as charged in the indictment; and that Nancy Rebecca Pounders met her death by means other than charged in the indictment, which charged she was shot by appellant with a pistol. The motion was overruled by the court.

After the verdict of guilty, appellant filed a motion for a new trial, which appears to set out the salient features of his contention as to any error appearing in the trial. This motion was also overruled by the court.

The statement of facts as set out in the brief of the State is a fair and lucid account of the testimony in substance which appears in the transcript and is hereby adopted by the court as follows:

"Mrs. Elizabeth Hurd, mother of deceased, Nancy Rebecca Pounders, testified that her daughter and appellant were divorced. After the divorce they lived together for a while, but at the time her daughter was killed, she and their two children were living apart from the appellant, and she and appellant had not lived together for several months. Mrs. Hurd also testified that her daughter worked at Pasquales.

"Mrs. Lucille Murks testified that she owned a beauty shop located in the same shopping center as Pasquales. On the afternoon Nancy Pounders was shot, she saw appellant at the shopping center. He stood in front of her shop for about twenty minutes. She later heard a shot and as she opened the door of her shop, she saw Nancy Pounders fall down, then she heard two other shots. She also saw appellant standing in the area where Nancy Pounders was shot.

"Mr. Royce Spry, Sr., coroner of Lauderdale County, testified that he went to the shopping center after the shooting. He examined the body of deceased and determined that she was dead. There were two small bullet wounds, one in the upper back and one in the hip region.

"Mrs. Theo Belvin testified that her car was parked in the shopping center parking lot. As she was walking to her car she passed deceased and appellant and heard deceased tell appellant 'Go away and leave me alone. I don't have anything to say to you.' Mrs. Belvin got into her car and turned to look at the couple. She saw appellant grab deceased and deceased pull away. Then appellant got out a gun and shot deceased three times.

"Malon Jones, Jr., a special agent for the Bureau of Alcohol, Tobacco, and Firearms, testified that he was at the shopping center and heard three shots. He saw appellant in the parking lot and saw him lay down a gun. As Mr. Jones arrived at the scene of the shooting, he heard appellant say, 'Oh my God, honey, what have I done to you?' Mr. Jones began looking for the gun and appellant stood up and pointed to a car, and said, 'There is the gun. Call the police.' Mr. Jones identified himself as a law enforcement officer, then grabbed appellant and made him lie down on the trunk of a car until police arrived.

"For defense, Dr. Howard Lee Miller, a clinical psychologist testified that by order of the court, he saw appellant at the Mental Health Clinic in Florence. He diagnosed him as a latent schizophrenic with depressive and hysterical features. Appellant told Dr. Miller that he remembered arguing with his wife and he remembered nothing else until he was eventually standing over his wife after she was shot and he was holding the gun. Dr. Miller stated that in his opinion appellant was telling the truth about the incident, including the part about the

loss of memory. Dr. Miller also testified that based on the tests, interview, and his training and experience, the shooting by appellant of his wife would not be consistent with a premeditated, planned aforethought murder.

"On cross-examination Dr. Miller testified that he could not say whether appellant was afflicted with a disease of the mind at the time he killed his wife.

"Dr. Joseph Glaister, a psychiatrist, testified that appellant's sister was a patient of his and in his opinion she was schizophrenic. Dr. Glaister also stated that this disease tends to run in families.

"Appellant testified that he had been hospitalized numerous times and had several operations.

"He stated that he did not remember how many times he shot his wife, but remembered the other incidents. He was taking medication at the time for headaches. He had the gun with him for protection. He was afraid that a man he had heard his ex-wife was dating would try to harm him. That afternoon he attempted to talk to his ex-wife about the children. She became mad and began cursing him and told him he was not going to get the children or see them. Appellant then stated that she said, 'I will kill you anyway.' Nothing else was said.

"Appellant further testified that he did not go to the shopping center with the intention of killing his wife and that he did not remember shooting her.

"On rebuttal, Dr. Samuel David Morrison, a psychiatrist at the University of Alabama in Birmingham, testified that he interviewed and examined appellant. Dr. Morrison stated that in his opinion appellant was sane at the time he shot his wife.

"Mrs. Hurd was recalled to testify in rebuttal and stated a few months prior to the shooting, Nancy was at her house

and appellant came over. On that occasion, she saw appellant hit her daughter two or three times. Mrs. Hurd told appellant to leave and if he didn't she would call the police. Appellant at the time stated that if she called the police, all of them would leave there with the undertaker. He also said that Mrs. Hurd and Nancy were just alike—neither had any sense."

■ A consideration of the voluminous testimony, as it appears in the transcript, clearly shows that a jury question was presented by the testimony offered by the State and the appellant. The motion to exclude was properly overruled by the court.

■ On the morning of the trial the appellant moved for a continuance on the ground that his father, a material witness, was unable to be present and testify because of illness. It further appears that this situation had been known by appellant's attorney for some time, but was only brought to the attention of the court on the morning of the trial when there were a great number of witnesses and jurors present for the trial. It further appears that the testimony of the father would relate only to appellant's sanity and would have been largely cumulative. It is well settled that the question of continuance rests in the sound discretion of the court and will not be disturbed unless clearly abused. This proposition is too well established to require citation of authority, but it has been further held that where testimony is largely cumulative it is not error to deny a continuance. Goodwin v. State, 27 Ala.App. 493, 175 So. 415; Divine v. State, 279 Ala. 291, 184 So.2d 628. We see no error in the court's action in this respect, especially, in view of the fact that there was voluminous testimony introduced by appellant with regard to his sanity.

■ The appellant's motion to quash the venire was properly overruled by the court. Title 13, Section 125(48j), Code of Ala-

bama, 1940, Recompiled 1958, provides that no special venire shall be drawn in capital cases in the Eleventh Judicial Circuit. Lauderdale County, where this case was tried, comprises the Eleventh Judicial Circuit. The basis of this motion was that no special venire had been drawn in this particular case. See also, Burt v. State, 54 Ala.App. 1, 304 So.2d 243, cert. denied, 293 Ala. 749, 304 So.2d 246.

 On two occasions several regular sheriff's deputies transported the jury to and from a restaurant or motel because of the fact that the weather was very inclement and otherwise they would have had to walk in the rain. Appellant claims error and the court heard oral testimony on this matter, along with other matters, raised in the motion for a new trial. It appears that the officers were regular deputies of the Lauderdale County Sheriff and that no other person was allowed to come in contact with or converse with the jurors during the period they were in custody of these officers. It further appears that no comment was made by any one, officers or jurors, with regard to the case and that the matter was in no way mentioned in the presence of the jurors on these occasions. It further appears that no discussion was had between the jurors themselves pertaining to the trial. Neither of the deputies involved were witnesses in the case or helped to investigate the matter.

After a careful reading of this testimony we can see no injury to the appellant's substantial rights arising from the situation above referred to.

Title 30, Section 97, Code of Alabama 1940, Recompiled 1958, provides in part that whenever a jury is ordered to be kept together it is the duty of the sheriff to provide lodging and meals for the jurors. It has been further held that the sheriff and deputies are the proper officers to have charge of the jurors during their deliberations, and that includes the rendering of such services to them as to their physical condition needs. Harris v. State, 233 Ala. 196, 172 So. 347; Douglas v. State, 50 Ala.App. 602, 281 So.2d 652.

In the absence of any testimony tending to show any improper conduct or impropriety of any kind on the part of the officers or jurors during the time they were accompanied by the officers, as above set out, we see no reason to hold that there was any error committed. Authorities, supra.

 Assuming that there was an unwarranted separation of the jury, the testimony shows no outside influence was exerted upon the jurors. Even where there is such separation, if it further appears that the jurors conversed with no one regarding the prisoner's guilt and were not subjected to outside influence which may have biased their deliberations, such separation will not work a reversal. Arnett v. State, 225 Ala. 8, 141 So. 699; Palmore v. State, 283 Ala. 501, 218 So.2d 830.

Appellant also claims error in that he was never given the right to a preliminary hearing.

 Although a preliminary hearing is a proper procedure and can be insisted upon by an appellant in a criminal case, it is not a matter of right and the failure to provide a hearing does not invalidate a trial on its merits. His constitutional rights are not violated thereby. Grace v. State, 44 Ala.App. 682, 220 So.2d 259, cert. denied 283 Ala. 714, 220 So.2d 261; Aldridge v. State, 278 Ala. 470, 179 So.2d 51; Queor v. State, 278 Ala. 10, 174 So.2d 687.

Several written charges requested by appellant were given by the court and charges number 2 and 5 were refused. In view of the oral charge of the court and the written charges given at the request of the appellant, there was no error in the refusal of charges 2 and 5.

In addition thereto, charge number 2 is abstract and is not applicable to the evidence in this case.

The rulings of the court on the objections to evidence have been carefully read and considered with regard to their legality. We consider these rulings too numerous to set out and nowhere do we find any error on the part of the court resulting in injury to the substantial rights of appellant. Supreme Court Rule 45.

The appellant excepted to that part of. the court's oral charge in which the court said in substance "fleeting or temporary insanity is not a defense in this State." This particular quotation was taken from part of the oral charge in which the court explained to the jury that temporary or emotional insanity, in itself, is not a defense in this State. However, the statement when considered in context with the full charge of the court on this question was not in itself error to cause a reversal.

The charge of the court, although rather lengthy and probably in too much detail on this question, considered as a whole, stated the law properly.

One other exception was taken to the statement made by the court in its oral charge, "Heat of passion unless there was provocation would not amount to Manslaughter in the First Degree." We do not find this quotation as set out in the exception to have been made by the court in its explanation to the jury of the elements of manslaughter in the first degree. It appears that the charge on this degree of homicide was proper in all respects and the exception was not well taken.

We have searched the entire record for error, as is our statutory duty, and finding none of a substantial nature, the case is due to be affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.