Ralph Holloway was convicted on February 28, 1984, of the crime of manslaughter. He was sentenced to a term of imprisonment of 10 years. The appellant raises several issues on appeal.
 I
The appellant contends that because the sheriff of Limestone County and several deputies were witnesses for the state, it was error for the trial court to sequester the jury over appellant's objection and to allow members of the sheriff's department to help manage the jury.
The record is silent as to whether the deputies managing the jury were in fact the same deputies who appeared as witnesses during the trial. More importantly, however, is the fact that no evidence of prejudicial injury to the appellant is presented. "Reversible error will not be presumed, but the burden is upon the appellant to show injury in this respect."Bowens v. State, 54 Ala. App. 491, 309 So.2d 844 (1974), cert. denied, 293 Ala. 746, 309 So.2d 850 (1975).
Section 12-16-10, Code of Alabama 1975, establishes the duty of the sheriff to provide suitable lodging and meals for members of a sequestered jury. Furthermore, the sheriff and deputies are the proper officers to have charge of the jurors during their deliberations, and that includes the rendering of such services to them as their physical conditions require.Pounders v. State, 55 Ala. App. 204, 314 So.2d 123 (1975).
To follow the appellant's reasoning would require this court to bar all deputies from their jury management duties established by law when the sheriff or any of his deputies were to testify at the same trial. Absent a clear showing that the sheriff or deputies who managed the jury were in fact the same individuals who testified at trial and a showing of some prejudicial injury to the appellant, reversible error will not be found.
The appellant fails to show that any of the testifying deputies were the same deputies who managed the jury. The only involvement of the sheriff with the jurors was his answer of "yes" when asked by the court if they (the sheriff's department) were ready to transport the jurors. This statement was obviously insufficient to establish injury prejudicial to the appellant.
Accordingly, we hold that it was not error for the trial court to sequester the jury over appellant's objection and to allow members of the sheriff's department to help manage the jury.
 II
The appellant contends that § 13A-5-6 (a)(5), Code of Alabama 1975, was improperly applied to him because the evidence indicated that the victim initiated the use of the weapon. Appellant testified that the victim went into another room, returned with the rifle, and demanded that he leave. At this point, appellant testified, he attempted to grab the rifle, and a scuffle ensued in which he was shot through the chin and the appellant was fatally shot in the chest.
Section 13A-5-6 (a)(5) provides:
 "Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
. . . .
 (5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years."
This section is mandatory and its application does not hinge on whether or not the perpetrator owned the weapon or brought it to the scene of the crime. The only requirement for application of § 13A-5-6 (a)(5) is that the jury must find that the defendant used a firearm or deadly weapon in the commission of a Class B or C felony. The jury in the instant case found that the *Page 489 
appellant was guilty of manslaughter because he caused the death of the victim by shooting her with a .22 caliber rifle. Manslaughter is a Class C felony. Alabama Code § 13A-6-3 (b). Due to the jury's finding that the appellant had committed a Class C felony with the use of a firearm, the trial court had no alternative but to sentence the appellant in accordance with § 13A-5-6 (a)(5).
Therefore, we hold that the trial court did not err in its application of § 13A-5-6 (a)(5), Code of Alabama 1975, to the appellant.
 III
Upon a finding by this court that § 13A-5-6 (a)(5) was properly applied to his case, the appellant wishes to argue that § 13A-5-6 (a)(5) is unconstitutional as a violation of the due process and equal protection clauses.
In Smith v. State, 447 So.2d 1327 (Ala.Cr.App. 1983), aff'd,447 So.2d 1334 (Ala. 1984), this court held that § 13A-5-6
(a)(5) was not violative of the due process or equal protection clauses. See also Bragg v. State, 453 So.2d 756 (Ala.Cr.App. 1984). We hold that § 13A-5-6 (a)(5) is constitutional, and it was correctly applied in this case.
Accordingly the decision of the trial court is affirmed.
AFFIRMED.
All the Judges concur.