I believe that the legislature intended what the statute says: "[I]n a Class B or Class C felony in which a firearm isused or attempted to be used in the commission of a felony, [the sentence shall be] not less than 10 years." (Emphasis added.) The legislature intended to establish a minimum sentence in every case where a firearm is used, or attempted tobe used, in the commission of a Class B or C felony. The *Page 342 culpability of the defendant in committing the offense only applies to the guilt phase of the trial, and whether the felony is classified as either a Class A, Class B, or Class C felony. I agree with the decision of the Court of Criminal Appeals inHolloway v. State, 477 So.2d 487 (Ala.Crim.App. 1985), that "[t]he only requirement for application of § 13A-5-6(a)(5) is that the jury find that the defendant used a firearm or deadly weapon in the commission of a Class B or C felony." (Emphasis added.)
The effect of this opinion could be to eliminate the minimum sentence provision of § 13A-5-6(a)(5) in most cases involving Class B or C felonies, because many of these felonies do not require that the crime be committed "intentionally." Based on the foregoing, I must respectfully dissent.
TORBERT, C.J., concurs.