LONG, Judge.
The appellant, Winifred Howard Moore, was convicted of burglary in the first degree, a violation of § 13A-7-5, Code of Alabama 1975. He was sentenced to 10 years’ imprisonment.
Veronica Irby testified at trial that in September 1994, she and Kathleen Williams were sharing an apartment. Irby stated that in the early morning hours of September 20, 1994, she and Williams were both in the apartment when she said she observed two males entering the apartment through an upstairs window. Irby called out to Williams and then ran out of the apartment and telephoned the police.
Kathleen Williams testified at trial that she was awakened by the sound of Veronica Irby screaming. When Williams left her bedroom on the second floor of the apartment to investigate, she saw two men standing in the upstairs hallway. She recognized one of the men as her cousin, the appellant. Williams testified that she had not given either man permission to enter her apartment that night.
The appellant and the other male, Ricky Lee Ward, ordered Williams downstairs. Williams testified that Ward had a shotgun pointed at her. She testified that at Ward’s direction, the appellant took the stereo from her apartment, and returned a short time later and took her stereo speakers. While this transpired, Williams remained seated on the sofa, and Ward pointed the gun at her.
Williams testified that she became concerned for her and her children’s safety, so she got into a struggle with Ward over the weapon. She indicated that at that point, the appellant intervened in the struggle and tried to help her. As they were struggling over the weapon, Williams heard Veronica Irby call her name. The appellant and Ward fled *820 the apartment and were captured by the police outside the apartment.
The appellant did not deny his involvement in the burglary; he told the police that he took the stereo from Williams’ apartment and took it to Ricky Ward’s girlfriend’s apartment, located approximately 150 yards from Williams’s apartment. The police recovered the stereo from Ward’s girlfriend’s apartment.
I.
The appellant contends that the evidence was insufficient to support his conviction because, he argues, the state failed to prove that he acted with the requisite intent. Specifically, he maintains that because he helped Kathleen Williams, one of the victims, during the struggle over the weapon, and because Williams testified that she did not want to press charges against him, the evidence showed that he had renounced his involvement in the burglary. We disagree.
The appellant was charged with burglary in the first degree, a violation of Section 13A-7-5, Code of Alabama 1975, which reads, in pertinent part:
“(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
“(1) Is armed with explosives or a deadly weapon.”
Section 13A-2-24, Code of Alabama 1975, states, in relevant part:
“Unless otherwise provided by the statute defining the offense, a person shall not be legally accountable for behavior of another constituting a criminal offense if:
“(3) Prior to the commission of the offense, he voluntarily terminated his effort to promote or assist its commission and either gave timely and adequate warning to law enforcement authorities, or to the intended victim, or wholly deprived his complicity of its effectiveness in the commission of the offense. The burden of injecting this issue is on the defendant, but this does not shift the burden of proof.”
(Emphasis added.)
When viewing the evidence in the light most favorable to the state, Jackson v. State, 516 So.2d 726 (Ala.Crim.App.1985), we find that the evidence was sufficient to support the jury’s verdict. Testimony from Williams revealed that she awoke to find the appellant and another man, who was armed with a shotgun, in her apartment. While the appellant’s accomplice held a gun on Williams, the appellant removed the stereo and stereo speakers from her apartment. Evidence indicated that Williams did not give the appellant or his accomplice permission to enter her apartment or to take the stereo.
“Intent is a jury question.” Hoobler v. State, 668 So.2d 905, 906 (Ala.Crim.App.1995). The jury was charged on the principle of repudiation, but as evidenced from its verdict, the jury did not believe that the appellant had repudiated his involvement in the crime before the commission of the offense, and its verdict is amply supported by the evidence. From the evidence presented, the jury could certainly have reasonably inferred that the appellant did not renounce his participation in the burglary, but rather, he intervened to help the victim only after the burglary had been committed.
We find that the jury’s verdict is supported by sufficient evidence. Accordingly, the appellant’s conviction for burglary in the first degree is affirmed.
II.
While we affirm the appellant’s conviction, we must nevertheless remand this cause to the trial court because a review of the record reveals that the appellant’s sentence of 10 years’ imprisonment is not in compliance with the law. See, Scott v. State, 627 So.2d 1133 (Ala.Crim.App.1993) (wherein this Court took notice that the trial court incorrectly ordered that the defendant’s enhanced sentences were to run concurrently, and this Court remanded the cause to the trial court with instructions that the trial court resentence the appellant in accordance *821 with the law). See also, Hoppins v. State, 451 So.2d 365, 365 (Ala.1983) (wherein the Alabama Supreme Court stated that “[i]n approving Rule 45B [Ala.R.App.P.], this Court did not intend to restrict the authority of the Court of Criminal Appeals to consider obvious errors” [1]).
As noted, the appellant was convicted of burglary in the first degree. Burglary in the first degree is a Class A felony. 13A-7~5(b), Code of Alabama 1975. Section 13A-5-6, Code of Alabama 1975, provides, in relevant part:
“(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
“(1) For a Class A felony, for life or not more than 99 years or less than 10 years.
[[Image here]]
“(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.”
(Emphasis added.)
In Hammond v. State, 497 So.2d 558 (Ala.Crim.App.1986), this Court addressed a contention by a defendant that because the evidence did not establish that he actually possessed the deadly weapon during the commission of the robbery for which he was convicted, his sentence had been illegally enhanced pursuant to § 13A-5-6(a)(4), Code of Alabama 1975. In rejecting this contention, we held:
“[E]ven if Hammond was actually unarmed, we find his contention to be without merit. By virtue of the jury’s verdict, which encompasses its finding that Hammond was armed with a deadly weapon, the trial court had no alternative but to sentence Hammond in accordance with § 13A-5-6(a)(4). Holloway v. State, 477 So.2d 487 (Ala.Crim.App.1985). This holds true regardless of whether the jury based its verdict on complicity, embraced in § 13A-2-23(2). ‘It is well established that a person present, aiding and abetting another in the commission of [a crime], is guilty as a principal and punishable equally with the perpetrator of the crime.’ Biggs v. State, 331 So.2d 763, 764 (Ala.Cr.App.) cert. denied, 331 So.2d 765 (Ala.Cr.App.1976) (emphasis added [in Hammond ]).
“Furthermore, if we accepted Hammond’s contention, we would be giving the trial court discretion exceeding that conferred by statute. In Mitchell v. State, 450 So.2d 181 (Ala.Cr.App.1984), the court, in rejecting the argument that the trial court should be able to consider any mitigating circumstances, observed that the language of § 13A-5-6(a)(4) is clear and its meaning is plain. See also Rocker v. State, 443 So.2d 1316 (Ala.Cr.App.1983). In the instant case, we likewise reject the contention that the trial court should be able to consider as a mitigating circumstance Hammond’s degree of participation in the offense; the statute simply does not differentiate between principals and accessories. For an example of a statute which limits imposition of a mandatory minimum sentence for possession of a firearm during commission of robbery to the defendant having actual, not vicarious, possession of the firearm, see Fla.Stat. § 775.087 (1976).”
497 So.2d at 566 (emphasis original.) See also Miller v. State, 650 So.2d 940 (Ala.Crim.App.1993), rev’d on other grounds, 650 So.2d 947 (Ala.1994) (wherein this Court found that the defendant’s sentence was properly enhanced pursuant to § 13A-5-6 even though the defendant’s accomplice actually possessed the deadly weapon during the commission of the robbery.)
In the instant case, the fact that there was evidence at trial that the appellant’s accomplice, rather than the appellant, was in actual possession of the shotgun during the burglary does not remove the appellant' from the application of § 13A-5-6(a)(4), Code of Alabama 1975. The jury found the appellant guilty of burglary in the first degree; there *822 fore, by “virtue of the jury’s verdict,” Hammond, 497 So.2d at 566, the trial court was required to enhance the appellant’s sentence pursuant to § 13A-5-6(a)(4), making the minimum sentence 20 years. Accordingly, this cause is remanded to the trial court with instruction’s that the trial court vacate the sentence imposed and resentence the appellant pursuant to § 13A-5-6(a)(4). The trial court shall take the necessary action to ensure that the circuit clerk makes due return to this Court at the earliest possible time within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All Judges concur.

. Rule 45B, Ala.R.App.P., reads: In those criminal cases in which the death penalty has not been imposed, the Court of Criminal Appeals shall not be obligated to consider questions or issues not presented in briefs on appeal.